## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL STONE,**

        **Plaintiff,**

**v.**

**CORRIGAN BROTHERS, INC. d/b/a
CORRIGAN COMPANY
MECHANICAL CONTRACTORS,
DAWN WALLACE,
DAWN CARPENTER, JIM
CORRIGAN, DENNIS CORRIGAN,
and CORRIGAN BROTHERS
COMPANY,**

        **Defendants.**

**Case No. 20-cv-261-SPM**

## MEMORANDUM AND ORDER

**MCGLYNN, Judge:**

Pending before the Court is Plaintiff [J.] Michael Stone's Motion to Remand to State Court. (Doc. 21). For the following reasons, Plaintiff's Motion is **DENIED**.

### FACTUAL STATEMENT

Plaintiff, [J.] Michael Stone ("Stone"), entered into an employment agreement with Jim Corrigan, as duly authorized agent for Corrigan Company, on December 14, 2006. (Doc. 14-1). Said agreement was also signed by Dennis Corrigan, President of Corrigan Brothers, Inc., on January 2, 2007. *Id*. The agreement advised that "[E]mployment is contingent, but not limited to the following terms:" with eleven (11) subparagraphs, and "is to remain in effect for a minimum period of 5 years". *Id*.

In accordance with the terms of the employment agreement, Stone began his employment in early 2007. *Id*. Although Stone continued his employment beyond the

five (5) years, no further agreements were provided.

## PROCEDURAL HISTORY

On January 30, 2020, Stone filed a twelve (12) count Complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois against defendants, Corrigan Brothers, Inc, d/b/a Corrigan Company Mechanical Contractors, Dawn Lawless [Wallace]("Wallace"), Dawn Carpenter ("Carpenter"), Jim Corrigan, Dennis Corrigan, and Corrigan Brothers Company. [1] (Doc. 1-1,2). Counts I-VI of the Complaint allege claims predicated upon breach of contract and counts VII-XII allege violations of the Illinois Wage Payment and Collection Act ("IWPCA"), against each defendant herein. *Id.*

On March 10, 2020, defendants collectively removed the case to this Court (Doc. 1). Defendants asserted that removal was proper under 28 U.S.C. §§ 1332(a) and 1441(a) because complete diversity of citizenship exists between the plaintiff and the non-fraudulently joined defendants, which they claim to be the Corrigan defendants. (*Id.* at 5). Stone is a citizen of Illinois. (Doc. 1-1). Wallace and Carpenter are also citizens of Illinois. (Doc. 1, p.5*)*. The Corrigan defendants are all citizens of Missouri. *Id.* Based on the different states of citizenship, if this case pitted only Stone against the Corrigan Defendants, then the parties would be diverse for the purposes of diversity jurisdiction. (Doc. 1-1).

Although the Illinois citizenship of Wallace and Carpenter would normally destroy diversity jurisdiction, defendants claimed that Stone fraudulently joined

---

[1] Defendants, Corrigan Brothers, Inc. d/b/a Corrigan Company Mechanical Contractors, Jim Corrigan, Dennis Corrigan and Corrigan Brothers Company are collectively referred to as "Corrigan Defendants"

Wallace and Carpenter in order to defeat diversity jurisdiction and prevent removal to federal court. *Id.* Defendants also stated that the amount in controversy for the claim has been satisfied because Stone seeks "a sum in excess of $50,000", and claims to have "sustained a loss of compensation, bonus, commissions, and other sums and other damages including but not limited to attorney's fees and cost of suit". *Id.* at 10.

On April 9, 2020, Stone filed a Motion to Remand, asserting that he did not fraudulently join Wallace and Carpenter. (Doc. 21). Although Stone admits that any breach of contract theory is between Stone and the contracting [Corrigan] defendants, he does not concede any allegations. *Id.* Stone contends that discovery has not even begun and that he has sufficiently stated a cause of action against all defendants. *Id.* Defendants filed a memorandum in opposition to the Motion to Remand on May 14, 2020. (Doc. 26).

In his Motion to Remand, Stone made no mention of the amount in controversy requirement for jurisdictional purposes even though defendants indicated in their Notice of Removal that the $75,000.00 threshold had been satisfied. (Doc 1, p.2). The amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff. *Dart Cherokee Basin Operating, Co., LLC v. Owens, 574 U.S. 81 (2014).* Therefore, it is deemed not to be at issue.

## LEGAL STANDARD

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants,

to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see also Yassan v. J.P. Morgan Chase & Co.,* 708 F.3d (7th Cir. 2013). Under 28 U.S.C. § 1332, a federal district court has original subject matter jurisdiction over actions involving complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1); *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 547 (7th Cir. 2008). Complete diversity means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Altom Transport, Inc. v. Westchester Fire Ins. Co.*, 823 F.3d 416 (7th Cir. 2012) (citations omitted).

The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *see also Anglin v. Bristol-Myers Squibb Co.*, No. 12-60, 2012 WL 1268143, at *1 (S.D. Ill. Apr. 13, 2012). Failure to meet this burden results in remand of the removed case. 28 U.S.C. § 1447(c); *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "'Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum.' Put another way, there is a strong presumption in favor of remand." *Fuller v. BNSF Ry. Co.*, 472 F. Supp. 2d 1088, 1091 (S.D. Ill. 2007) (quoting *Allied-Signal*, 985 F.2d at 911). "Doubts concerning removal must be resolved in favor of remand to the state court." *Schur v. L.A. Weight Loss Centers, Inc.,* 577 F.3d 752 (7th Cir. 2009); *Asperger v. Shop Vac Corporation*, 524 F. Supp. 2d 1088 (S.D. Ill. 2007).

## ANALYSIS

In his Motion to Remand, Stone argues that Wallace and Carpenter, who are citizens of Illinois, were not fraudulently joined, and that they could be culpable parties. (Doc. 21). Thus, Stone contends that there is no complete diversity of citizenship, and the case must be remanded to state court. *Id.* At first blush, Stone appears correct.

On the surface, the Illinois citizenship of Wallace and Carpenter destroys complete diversity. But a plaintiff may not join a non-diverse defendant in an action simply to destroy diversity jurisdiction. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009); *Schwartz v. State Farm Mut. Auto. Ins. Co.,* 174 F.3d 875 (7th Cir. 1999). The "fraudulent joinder" doctrine, therefore, permits a district court considering removal "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Schur,* 577 F.3d at 763.

Fraudulent joinder is difficult to establish because a removing defendant must show that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant."  *Id.* at 764*; Poulos v. Naas Foods, Inc.,* 959 F.2d 69 (7th Cir. 1992)(*emphasis added).* The defendant has the "heavy burden" of showing that the plaintiff's claim has "no chance of success" against the non-diverse defendant. *Poulos* at 73. The Court's role in evaluating allegations of fraudulent joinder is to ask whether there is "any reasonable possibility" that the plaintiff could prevail against the non-diverse defendant, not to ascertain the merits of the claim. *Id.; Asperger v. Shop Vac Corp.*, 524 F. Supp. 2d 1088, 1096 (S.D. Ill. 2007).

Courts normally make the fraudulent joinder determination by evaluating the face of the pleadings. *Poulos,* 959 F.2d at 73. However, under certain circumstances it is appropriate for a court to "pierce the pleadings" and consider "summary judgment-type evidence such as affidavits and deposition testimony." *Cavallini v. State Farm Mut. Auto. Ins. Co.,* 44 F.3d 256, 263 (5th Cir.1995); *Hauck v. ConocoPhillips Co.,* No. 06-135, 2006 WL 1596826 (S.D. Ill. 2006). While not advocating a "pre-try" of the case, the Seventh Circuit held it proper to disregard a non-diverse defendant's citizenship where the non-diverse defendant produced an uncontested affidavit showing that plaintiff could not succeed on its claim against it. *Faucett v. Ingersoll-Rand Min & Machinery Co.,* 960 F.2d 653 (7tt Cir. 1992).   Such is the necessity in this case where defendants have submitted Affidavits from Wallace and Carpenter in their Memorandum of Law in Opposition to Plaintiff's Motion to Remand. (Docs. 25-1 and 2).

In his complaint, Stone alleges breach of contract and violations of the IWPCA against all defendants. (Doc. 1-1). With respect to Wallace and Carpenter, Counts II and III of the Complaint allege breach of contract and Counts VII and VIII allege violations of the IWPCA. (*Id.*)

### 1. Breach of Contract

As a basic rule of contract law, a non-party cannot be held liable for a breach of contract. *Northbound Group, Inc. v, Norvax, Inc.,* 795 F. 3d. 647 (7th Cir. 2015). More succinctly, a contract cannot bind a nonparty. *EEOC v. Waffle House, Inc.*, 534 U.S. 279 (2002); *Phillips v. Well-Point,* No. 10-cv-357-JPG, 2012 WL 6111405 (S.D.Ill. 2012). Unless there are allegations to hold a non-party liable, a breach of contract

claim can only be directed against a party to the contract. *Northbound*, 795 F.3d at 651).

In opposition to the Motion to Remand, defendants argue that neither Wallace nor Carpenter were parties to the contract at issue. (Doc. 25). Stone himself admits that any breach of contract theory is between Stone and the contracting [Corrigan] defendants. *Id.*

In light of the foregoing, Stone's breach of contract claims against Wallace and Carpenter have "no chance of success". *See Poulos,* 959 F.2d at 73. Neither Wallace nor Carpenter were parties to the contract and Stone has not alleged any basis to hold them liable; therefore, this Court finds they were improperly joined in Counts II and III of Plaintiff's Complaint.

### 2.  Violations of Illinois Wage Payment and Collection Act

The IWCPA, 820 ILCS 115/1, *et seq.*, applies to all employers and employees in this State. It provides employees with a cause of action against *employers* for the timely and complete payment of earned wages. *Enger v. Chicago Carriage Cab Corp.,* 812 F.3d 565 (7th Cir. 2016)(*emphasis added).*

To establish a violation of the Wage Payment and Collection Act, a plaintiff must allege that: (1) the defendant was an "employer" as defined in the Act; (2) the parties entered into an employment contract or agreement; and, (3) the plaintiff was due final compensation.   *Schultze v. ABN AMRO, Inc.*, 83 N.E.3d 1053 (1st Dist. 2017). As set forth *infra*, neither Wallace nor Carpenter were parties to the employment agreement at issue. (Doc. 14-1).   As used in the Act, the term "employer" shall include any individual, partnership, association, corporation, limited liability

company, business trust, employment and labor placement agencies where wage payments are made directly or indirectly by the agency or business for work undertaken by employees under hire to a third party pursuant to a contract between the business or agency with the third party, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee, for which one or more persons is gainfully employed. 820 ILCS 115/2.

Defendants' rationale is persuasive. Stone cannot establish a cause of action under the IWCPA against either Wallace and/or Carpenter. Wallace and Carpenter were and are employed by the Corrigan defendants, same as plaintiff. They are not employers. The employment agreement was signed by Stone, as well as by Jim and Dennis Corrigan in behalf of Corrigan Company and Corrigan Brothers, Inc., respectively. (Doc. 14-1). Stone himself concedes that neither Wallace nor Carpenter were corporate defendants involved in the negotiation of the employment agreement. (Doc. 21). Furthermore, defendants attach Declarations of both Wallace and Carpenter as exhibits A and B respectively. (Id.) Specifically, Carpenter advised she started her employment in 2008, after Stone, and she was never an officer, director, owner or agent of any Corrigan defendant and/or Corrigan entity. (Doc. 25-2). In Wallace's Declaration, she too stated that she was never an officer, director, owner or agent of any Corrigan defendant and/or Corrigan entity. (Doc. 25-1). They both also state they: (1) do not now and have never had a role in deciding whether earned wages are paid to an employee, or whether a separated employee would receive final compensation; (2) have never, by either action or inaction, assisted Corrigan with the non-payment of any earned wages to a current employee, or with the non-payment of

final compensation to a separated employee; and, (3) were not aware of any compensation Stone believed he was to receive, but which had not been paid.   (Doc. 25-1 and 2).

There is no claim under the IWCPA that Stone can assert against Wallace and Carpenter. Stone's bare allegation that joining Wallace and Carpenter was appropriate is not enough. (Doc. 21). Wallace and Carpenter were employees, just like Stone.  They work, or worked, in the accounting and payroll departments of the Corrigan defendants, and discovery will not change the outcome. It is obvious that Stone has fraudulently joined Wallace and Carpenter in an attempt to destroy complete diversity. Accordingly, the Court concludes that Wallace and Carpenter have been fraudulently joined and that both parties must be dismissed from the suit.

### CONCLUSION

For these reasons, Plaintiff 's Motion to Remand (Doc. 21) is **DENIED,** additionally, pursuant to this decision, Motion to Dismiss (Doc. 13) by Dawn Carpenter and Dawn Wallace is hereby **GRANTED.**

**IT IS SO ORDERED.**

**DATED:   November 6, 2020**

**/s/ Stephen P. McGlynn**
**STEPHEN P. McGLYNN**
**Chief U.S. District Judge**