IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL STONE, <br><br> **Plaintiff,** <br><br> v. <br><br> CORRIGAN BROTHERS, INC. d/b/a CORRIGAN COMPANY MECHANICAL CONTRACTORS, JIM CORRIGAN, DENNIS CORRIGAN, and CORRIGAN BROTHERS COMPANY, <br><br> **Defendants.** | Case No. 20-cv-261-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendants', Corrigan Brothers, Inc. d/b/a Corrigan Company Mechanical Contractors, Jim Corrigan, Dennis Corrigan and Corrigan Brothers Company, collectively known as Corrigan Defendants herein. For the reasons set forth below, the Court grants the Motion to Dismiss.

### FACTUAL BACKGROUND

Plaintiff, [J.] Michael Stone ("Stone"), entered into an employment agreement with Jim Corrigan, as duly authorized agent for Corrigan Company, on December 14, 2006. (Doc. 14-1). Said agreement was also signed by Dennis Corrigan, President of Corrigan Brothers, Inc., on January 2, 2007. *Id*. The agreement advised that "[E]mployment is contingent, but not limited to the following terms:" with eleven (11)

subparagraphs, and "is to remain in effect for a minimum period of 5 years". Id.

In accordance with the terms of the employment agreement, Stone began his employment in early 2007. *Id.* Although Stone continued his employment beyond the five (5) years, no further agreements were provided.

## PROCEDURAL BACKGROUND

On January 30, 2020, Stone filed a twelve (12) count Complaint in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois against defendants, Corrigan Brothers, Inc, d/b/a Corrigan Company Mechanical Contractors, Dawn Lawless [Wallace]("Wallace"), Dawn Carpenter ("Carpenter"), Jim Corrigan, Dennis Corrigan, and Corrigan Brothers Company.[1] (Doc. 1-1,2). Counts I-VI of the Complaint alleged breach of contract and counts VII-XII alleged violations of the Illinois Wage Payment and Collection Act ("IWPCA"), against each defendant herein.

On March 10, 2020, defendants collectively removed the case to this Court (Doc. 1). Defendants asserted that removal was proper under 28 U.S.C. §§ 1332(a) and 1441(a) because complete diversity of citizenship exists between the plaintiff and the non-fraudulently joined defendants, which they claim to be Wallace and Carpenter. (*Id.* at 5). Stone is a citizen of Illinois. (Doc. 1-1). Wallace and Carpenter are also citizens of Illinois. (Doc. 1, p. 5*). The Corrigan defendants are all citizens of Missouri. (*Id.*). Based on the different states of citizenship, if this case pitted only Stone against the Corrigan Defendants, then the parties would be diverse for the purposes of diversity jurisdiction. Wallace and Carpenter; however, are citizens of

---

[1] Defendants, Corrigan Brothers, Inc. d/b/a Corrigan Company Mechanical Contractors, Jim Corrigan, Dennis Corrigan and Corrigan Brothers Company are collectively referred to as "Corrigan Defendants"

Illinois like Stone (Doc. 1, p. 5). Although their Illinois citizenship would normally destroy diversity jurisdiction, defendants claimed that Stone fraudulently joined Wallace and Carpenter in order to defeat diversity jurisdiction and prevent removal to federal court. (*Id.*). Defendants also stated that the amount in controversy for the claim has been satisfied because Stone seeks "a sum in excess of $50,000", and claims to have "sustained a loss of compensation, bonus, commissions, and other sums and other damages including but not limited to attorney's fees and cost of suit". (*Id.* at 10).

On April 7, 2020, defendants, Wallace and Carpenter filed a Motion to Dismiss. (Doc. 13). On April 9, 2020, Stone filed a Motion to Remand, asserting that he did not fraudulently join Wallace and Carpenter (Doc. 21). All defendants filed a memorandum in opposition to the Motion to Remand on May 14, 2020 (Doc. 26). On May 18, 2020, Stone filed a Response to the Motion to Dismiss filed by Wallace and Carpenter. (Doc. 27).

On November 6, 2020, this Court denied the Motion to Remand. (Doc. 32). At that time, this Court also dismissed defendants, Dawn Wallace and Dawn Carpenter, *i.e.* Counts II and III and Counts VIII and IX. *Id.*

Also on April 7, 2020, Corrigan Defendants filed a Motion to Dismiss Counts IV through VI, which allege breach of contract against Jim Corrigan, Dennis Corrigan and Corrigan Brothers Company, respectively. (Doc. 15). Said Motion also seeks to dismiss Count VII and Counts X through XII, which allege violations of IWPCA against all four Corrigan Defendants. *Id.* The only claim not at issue at this time is Count I, which involves the breach of contract action against Corrigan Brothers, Inc.

*Id.* at 3.

On May 18, 2020, Stone filed a Response in Opposition to Defendant's Motion to Dismiss. (Doc. 26). Within said Response, Stone concedes to dismissal of Counts VI and XII against defendant, Corrigan Brothers Company, as it is a non-entity. *Id.* at 2.

## LAW AND ANALYSIS

### I.  Rule 12(b)(2) of the Federal Rules of Civil Procedure

A motion to dismiss under Rule 12(b)(2) challenges whether the Court has jurisdiction over a party. Fed.R.Civ.P. 12(b)(2). The party asserting jurisdiction has the burden of proof. *Tamburo v. Dworkin*, 601 F.3d 693 (7th Cir. 2010). The Court may consider affidavits and other competent evidence submitted by the parties. *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773 (7th Cir. 2003). If the Court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction as the Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *GCIU–Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018 (7th Cir. 2009); *Central States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387 (7th Cir. 1983)). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction," however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. Any dispute concerning relevant facts is resolved in the plaintiff's favor. *Id.* at 782–83.

A federal court sitting in diversity has personal jurisdiction only if a court in the state in which it sits has jurisdiction, and jurisdiction is proper where the contacts proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum State. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272 (7th Cir. 1997)(emphasis added). The Illinois long-arm statute "permits its courts to exercise jurisdiction on any basis permitted by the Illinois and United States Constitution". *Id.* at 1276.

The seminal case regarding the assertion of personal jurisdiction was decided approximately seventy-five (75) years ago when the Supreme Court held that a defendant must have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310(1945). In other words, the commission of some single or occasional acts of the corporate agent in a state may sometimes be enough to subject the corporation to jurisdiction in that State's tribunals with respect to suits relating to that in-state activity. *Id.* at 317-318. Following *International Shoe,* "the relationship among the defendant, the forum, and the litigation, became the central concern of the inquiry into personal jurisdiction." *Shaffer v. Heitner,* 433 U.S. 186 (1977).

The contacts must be established by the purposeful acts of the defendant, and not the "unilateral activity of another party". *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984); *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239 (7th Cir. 1990). Critical to the analysis is a showing that the defendant reasonably anticipated being haled into court in the forum state, and not as a result of random,

fortuitous or attenuated contacts. *World-Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286 (1980). And because "modern transportation and communications have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity," it usually will not be unfair to subject him to the burdens of litigating in another forum for disputes relating to such activity. *McGee v. International Life Insurance Co.,* 355 I.S. 220 (1957).

In the instant case, the Complaint does not provide any evidence regarding the citizenship of the Corrigan Defendants, other than the blanket statements that Corrigan Company, as a business association of Corrigan Brothers, Inc. and Corrigan Company Mechanical Contracts, were both licensed in the State of Illinois, and doing business in the County of Madison within the meaning of the Illinois Code of Civil Procedure,735 ILCS 5/1/-101, *et seq*. (Doc. 1-1). There is no mention of the residency of defendants, Jim and Dennis Corrigan. *Id.*

Defendants provide more information regarding citizenship. In the Notice of Removal, Jim and Dennis Corrigan allege that they are both residents of Missouri. (Doc. 1). The Notice of Removal also specifies that Corrigan Brothers, Inc. d/b/a Corrigan Brothers Mechanical Contractors is a Missouri Corporation with its principal place of business in Missouri. *Id.*

Plaintiff does not specify where he was employed and/or what kinds of contacts Corrigan Defendants had with Illinois. Could the Corrigan Defendants anticipate being sued in the State of Illinois? Did the Corrigan Defendants have purposeful ties with Madison County, Illinois, other than that being the county of Stone's residence? Although disputes and questions of fact are usually resolved in favor of the plaintiff,

once the Corrigan Defendants raised the issue of jurisdiction, it was up to plaintiff to produce evidence supporting their position. There is no dispute as to fact, there simply is not enough to consider. Because jurisdiction has not been established, this matter must be dismissed. *Purdue*, 338 F.3d 773.

II. **Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Because this Court finds there is insufficient evidence to establish jurisdiction against Corrigan Defendants, there is no need to delve into the second ground for dismissal asserted by Corrigan Defendants. (Doc. 15).

## CONCLUSION

For the reasons set forth above, the Court GRANTS Corrigan Defendants Motion to Dismiss (Doc. 15), but grants Plaintiff thirty (30) days to file Amended Complaint.

**IT IS SO ORDERED.**

**DATED: November 24, 2020**

/s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge